UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20435-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

MARIA DEL PILAR ALEU,
    a/k/a "Maria Aleu,"
    a/k/a "Maria D. Aleu,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States of America and MARIA DEL PILAR ALEU (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count 17 of the Indictment, which charges the defendant with conspiracy to commit money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(B)(i) and (ii), and 1957, all in violation of Title 18, United States Code, Section 1956(h).

2. The United States will dismiss Counts 21 to 26, 49 to 52, and 63 of the Indictment, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "USSG"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by

the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that upon her conviction on Count 17 of the Indictment, the Court may impose a statutory maximum term of twenty (20) years' imprisonment, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, upon the defendant's conviction on Count 17 of the Indictment, the Court may impose a fine of up to $500,000, or twice the value of the property involved in the transaction, whichever is greater, and must order restitution.

5. The defendant understands that restitution is mandatory under Title 18, United States Code, Section 3663A, because the money laundering offenses that are the objects of the conspiracy charged in Count 17 of the Indictment, and the conspiracy itself, are offenses against property under Title 18, United States Code. Further, pursuant to Title 18, United States Code, Section 3663(a)(3), the defendant agrees to pay restitution for all losses arising from her relevant

conduct as defined in Section 1B1.3 of the Sentencing Guidelines.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter, the "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the

defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make the aforementioned recommendations and motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other persons in this or other criminal matters as to warrant the Court's downward departure from the advisory sentencing

range calculated under the Sentencing Guidelines, this Office may make a motion prior to sentencing pursuant to USSG § 5K1.1, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation

12. This Office acknowledges that the defendant has rendered substantial assistance in the investigation and prosecution of another person who has committed an offense. Pursuant to USSG § 5K1.1, this Office agrees to move at the time of sentencing for a downward departure by the Court from the advisory guideline range of imprisonment calculated under the Sentencing Guidelines. In particular, this Office will move that the Court depart downward by twenty percent from the low end of the defendant's advisory guideline range of imprisonment. The defendant understands and acknowledges that the Court is under no obligation to grant this Office's motion for a downward departure.

13. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and

conclusions as to the sentence to be imposed:

    a.    <u>Base Offense Level</u>: Pursuant to USSG § 2S1.1(a)(2) and § 2B1.1(b)(1)(G), the defendant's base offense level should be 20, because the value of the laundered funds is more than $250,000, but not more than $550,000.

    b.    <u>Specific Offense Characteristics</u>: Pursuant to USSG § 2S1.1(b)(2)(B), there should be a 2-level increase in offense level, because the defendant is pleading guilty to an offense in violation of Title 18, United States Code, Section 1956.

    c.    <u>Role in the Offense</u>:   There should be no adjustments for role pursuant to either USSG § 3B1.1 or § 3B1.2.

    d.    <u>Restitution</u>: The defendant should pay restitution in an amount to be determined.

14.    The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any property, real or personal, involved in the offense in violation of 18 U.S.C. § 1956(h), to which the defendant is pleading guilty, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).   In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).   The property subject to forfeiture includes, but is not limited to:

    a.    forfeiture money judgment in the sum of $395,944 in United States currency, which sum represents the value of the property subject to forfeiture; and

    b.    Real property known as 13104 S.W. 211th Terrace, Miami, Florida 33177.

15.    The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive:  any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the

forfeiture.

16. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation and to take any action necessary to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way any criminal, civil or administrative forfeiture proceedings concerning the forfeiture.

17. In furtherance of the collection of a forfeiture money judgment, a restitution judgment, or any other financial obligation entered by the Court in this case, the defendant agrees to:

    a.    Within 14 calendar days from a request by this Office, submit a completed Financial Disclosure Statement (form provided by this Office).

    b.    Not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the United States. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the commencement of the offense conduct to date, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

    c.    Cooperate fully in the investigation and the identification of assets and to provide in a timely manner all financial information requested, including any financial information provided to the United States Probation Office, and to meet in person to identify assets. The defendant agrees that providing false or incomplete information about assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility

pursuant to the United States Sentencing Guidelines § 3E1.1.

d. Liquidate assets, or complete any other tasks which may result in immediate payment of the forfeiture money judgment and/or the restitution judgment in full, or full payment in the shortest amount of time, as requested by the United States.

e. Notify, within 30 days, the Clerk of the Court and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances that affects the ability to pay the forfeiture.

18. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

19. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that

nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

20. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 11/18/2019     By: _____
DWAYNE E. WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

Date: 11/18/19     By: _____
MARC DAVID SEITLES, ESQ.
ATTORNEY FOR DEFENDANT

Date: 11/18/19     By: _____
MARIA DEL PILAR ALEU
DEFENDANT